968 F.2d 1228
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Francisco H. GUZMAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT and Department of Justice, Respondents.
 No. 92-3050.
 United States Court of Appeals, Federal Circuit.
 May 28, 1992.
 
 Before RICH, PAULINE NEWMAN and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Francisco H. Guzman appeals from the October 9, 1991 final order of the Merit Systems Protection Board (MSPB), Docket No. HQ12049110009, dismissing Guzman's petition for review under 5 USC 1204(f) (Supp. II 1990) of the implementation of certain regulations relating to standards of conduct and conflict of interest. We affirm.
 
 DISCUSSION
 
 2
 Guzman was removed from his position as a Criminal Investigator with the Drug Enforcement Administration (DEA) of the Department of Justice (DOJ) effective July 17, 1975, based upon a charge of conflict of interest. Guzman appealed his removal to the Federal Employees Appeals Authority (FEAA) of the Civil Service Commission (CSC), which upheld the removal. The Appeals Review Board of the CSC thereafter refused reconsideration. Despite additional proceedings brought in both the Sixth and District of Columbia Circuits, Guzman never prevailed in challenging his removal.
 
 
 3
 In his 1991 petition to the MSPB for regulation review, brought as an "interested person" under 5 USC 1204(f)(1)(B),[1] Guzman contended that the conflict of interest regulations and related statutes and executive orders in effect at the time of his removal[2] were "invalidly implemented" or "required not" to be implemented in his case. See 5 USC 1204(f)(2)(B). Such implementation resulted in numerous prohibited personnel practices, Guzman contended, including alleged national origin discrimination and reprisal against Guzman for filing a discrimination complaint against a supervisor. Guzman cited additional procedural irregularities in his removal, including that the deciding DEA official was not authorized under the governing regulations to determine whether a conflict of interest existed, that the DEA did not await the completion of a grand jury investigation into Guzman's activities before removing him, and that the DEA investigation results were not reported to the head of the agency with any recommendations.
 
 
 4
 The MSPB determined, inter alia, that though styled as a petition for regulation review, Guzman's petition was in fact an attempt to reopen his removal case, the merits of which had been considered by the FEAA over 15 years before. The MSPB declined to grant Guzman's petition, dismissing it without passing upon the validity of the challenged regulations.
 
 
 5
 We agree with the MSPB that Guzman's current contentions of procedural irregularity in connection with his removal, now couched as a challenge to the validity of the governing conflict of interest regulations as implemented in connection with his removal, could and should have been raised during the FEAA proceeding. Under principles of res judicata, Guzman is now barred from attempting to relitigate the merits of his removal action. See Nevada v. United States, 463 U.S. 110, 129-30 (1983) (res judicata includes not only matters expressly raised to sustain or defeat a cause of action, but also matters that were not, but might have been, raised for that purpose). Guzman has not shown the MSPB's decision on this ground to be arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. See 5 USC 7703(c).
 
 
 
 [1]
 The statute reads in pertinent part:
 § 1204. Powers and functions of the Merit Systems Protection Board
 * * *
 (f)(1) At any time after the effective date of any rule or regulation issued by the Director of the Office of Personnel Management in carrying out functions under section 1103, the Board shall review any provision of such rule or regulation--
 (A) on its own motion;
 (B) on the granting by the Board, in its sole discretion, of any petition for such review filed with the Board by any interested person, after consideration of the petition by the Board; or
 (C) on the filing of a written complaint by the Special Counsel requesting such review.
 (2) In reviewing any provision of any rule or regulation pursuant to this subsection, the Board shall declare such provision--
 (A) invalid on its face, if the Board determines that such provision would, if implemented by any agency, on its face, require any employee to violate section 2302(b) [prohibited personnel practices]; or
 (B) invalidly implemented by any agency, if the Board determines that such provision, as it has been implemented by the agency through any personnel action taken by the agency or through any policy adopted by the agency in conformity with such provision, has required any employee to violate section 2302(b).
 * * *
 
 
 [2]
 The challenged provisions are 28 CFR Part 45 ("Standards of Conduct" for DOJ employees); 5 CFR Part 735 ("Employee Responsibilities and Conduct" for government employees generally); Executive Order No. 11222, 3 CFR 306 (1964-65) ("Prescribed Standards of Ethical Conduct for Government Officers and Employees"); 18 USC 201-09 (criminal bribery, graft, and conflicts of interest involving government officials and employees); and Chapter 752 of the Federal Personnel Manual ("Adverse Actions")