968 F.2d 1228
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Evelyn P. CLARKE, Petitioner,
v.
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.
 No. 91-3532.
 United States Court of Appeals, Federal Circuit.
 May 29, 1992.
 
 Before RICH, PAULINE NEWMAN and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Evelyn P. Clarke (Ms. Clarke) appeals from the July 18, 1991 decision of the Merit Systems Protection Board (Board), Docket No. PH07529010647, affirming the Administrative Judge's (AJ) initial decision which modified and sustained the Department of Housing And Urban Development's (Agency) removal of Ms. Clarke from her position as a Supervisory Housing Management Specialist. We affirm.
 
 DISCUSSION
 
 2
 Ms. Clarke was removed from her supervisory position with the Agency based on several charges including that she (1) induced her new, acting supervisor to approve a replacement performance appraisal of "highly successful" for fiscal year 1989 for an employee on her staff without disclosing to the new supervisor the fact that, two months earlier, the performance of that employee for the same year had been rated "unacceptable" by Ms. Clarke's previous supervisor, who had since been assigned to a position in another office;[1] (2) submitted a promotion request for the same employee to her new acting supervisor without revealing to the new supervisor the facts that the promotion request had been denied just three months earlier by Ms. Clarke's previous supervisor and that the employee had been assigned an "unacceptable" performance rating for fiscal year 1989; and (3) had excessive unauthorized absence from work for a period of 120 hours from March 26, 1990, until April 13, 1990.
 
 
 3
 Ms. Clarke argues on appeal that the Board's decision is not supported by substantial evidence and that the Board abused its discretion when it failed to mitigate the Agency's penalty of removal. First, "[s]ubstantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Brewer v. United States Postal Service, 647 F.2d 1093, 1096 (Ct.Cl.1981), cert. denied, 454 U.S. 1144 (1982). In determining whether a decision is supported by substantial evidence, "the standard is not what the court would decide in a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." Parker v. United States Postal Service, 819 F.2d 1113, 1115 (Fed.Cir.1987); accord Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). After reviewing the facts relied upon by the Board in making its determination and all of Ms. Clarke's arguments in opposition thereto, we find that the Board's decision is supported by substantial evidence.
 
 
 4
 Second, we have reviewed Ms. Clarke's argument alleging that the Board abused its discretion when it failed to mitigate the Agency's removal penalty. Ms. Clarke argues that the Agency failed to take into consideration the relevant mitigating factors prior to determining the appropriate penalty. We disagree. The AJ expressly reviewed the considerations made by the Agency as did the Board and both decided that the penalty was reasonable. We find that the decision to remove Ms. Clarke correctly took into account the relevant mitigation factors outlined in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305 (1981), was reasonable and adequately supported by the facts.
 
 
 5
 Finally, Ms. Clarke argues that the Board erred in its rejection of her affirmative defense that the Agency's removal action was taken in reprisal for her having filed grievances and EEO complaints against the Agency. The Board rejected this argument because Ms. Clarke failed to establish the requisite nexus between the alleged retaliatory motive and her removal. We find no error in the Board's decision which we hold is supported by substantial evidence.
 
 
 6
 The Board's decision must be affirmed unless it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). We see no such error here and, accordingly, affirm.
 
 
 
 [1]
 Among other things, the Agency charged that Ms. Clarke's conduct violated 24 C.F.R. § 0.735-201(b) (1989), which provided that "[a]n employee shall avoid any action, whether or not specifically prohibited by this subpart, which might result in, or create the appearance of, ... [g]iving preferential treatment," and 24 C.F.R. § 0.735-208(b), which provided that "[a]n employee shall not engage in ... dishonest ... conduct, or other conduct prejudicial to the Government."